UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALI POORSINA,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N. A., et al.,<br><br>  Defendants. | Case No. 23-cv-06644-PHK<br><br>**ORDER DISMISSING PLAINTIFF POORSINA'S AMENDED COMPLAINT WITHOUT PREJUDICE PURSUANT TO THE MANDATORY SCREENING REQUIREMENTS OF 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. No. 1 |

Now before the Court is the mandatory screening of pro se Plaintiff Ali Poorsina's ("Poorsina") Complaint, dkt. 1, pursuant to the requirements of 28 U.S.C. § 1915(e)(2)(B). The Court previously granted Plaintiff Poorsina's application to proceed *in forma pauperis*. [Dkt. 20]. After carefully reviewing the Complaint, and for the reasons set forth below, the Court **DISMISSES** Plaintiff Poorsina's Complaint **WITHOUT PREJUDICE**. The Court grants Plaintiff Poorsina **thirty (30) days** from the date of this order within which to file an amended Complaint.

## BACKGROUND

### I.    FACTUAL BACKGROUND

The following factual background is based on the records in this case and the averments presented to the Court by Plaintiff Poorsina. [Dkt. 1].

Plaintiff Poorsina is a citizen of California. *Id.* at ¶¶ 3, 5. He filed this action *in propria persona* against Defendants Bank of America, N.A. ("Bank of America"); Guaranteed Rate, Inc. ("Guaranteed Rate"); and Xiaosong Zhang ("Zhang") and Meng Li ("Li"), Co-Trustees of the Li Zhang Family Trust ("Zhang-Li Trust"). *Id.* at ¶ 1. Defendant Bank of America is a Delaware

1  corporation, headquartered in North Carolina. *Id.* at ¶ 6. Defendant Guaranteed Rate is a Delaware
2  corporation, headquartered in Illinois. *Id.* at ¶ 7. Defendants Zhang and Li are citizens of the state
3  of California. *Id.* at ¶¶ 3, 8.

4  In 2005, Plaintiff Poorsina was the owner of a residence located at 1563 28th Avenue, San
5  Francisco, California ("Disputed Property"). *Id*. at ¶ 9. In May 2005, Plaintiff Poorsina received a
6  mortgage loan of $890,000 from Countrywide Corporation, which was "memorialized in a
7  promissory note" and "secured by a Deed of Trust ('DOT')" recorded as Instrument No. "2005-
8  H952250-00." *Id.* It is unclear from the Complaint, but, somehow prior to 2012, Countrywide
9  assigned the DOT to Defendant Bank of America.

10  On September 10, 2012, Defendant Bank of America assigned the DOT to the Bank of New
11  York Mellon ("Mellon") which thereafter was servicing the loan. *Id.* at ¶ 10. Plaintiff Poorsina
12  avers that Mellon "fail[ed] to comply with HAMP Modification," which was allegedly approved on
13  June 15, 2014, and Mellon subsequently sold the Disputed Property to a third-party purchaser
14  through a public auction on September 7, 2017. *Id.*

15  On March 22, 2019, Plaintiff avers that the Disputed Property was "GIFTED" from the third-
16  party purchaser to "conspirators Xiaosong Zhang and Meng Li, wife and husband, as community
17  property with right of survivorship." *Id.* at ¶ 12. Plaintiff alleges that the third-party purchaser
18  made a "tardy advertisement" of a real estate listing that indicated the Disputed Property was sold
19  to Defendants Zhang and Li for $2,050,000. *Id.*

20  On April 1, 2019, Defendants Zhang and Li obtained a loan for $1,640,000 from Wells Fargo
21  Bank, N.A. *Id.* at ¶ 13. On May 13, 2020, Defendants Zhang and Li were approved for a loan of
22  $1,321,600 by Defendant Bank of America. *Id.* at ¶¶ 16–17. On December 24, 2020, Defendants
23  Zhang and Li were approved for a loan of $1,306,000 by Defendant Guaranteed Rate. *Id.* at ¶ 18.
24  Plaintiff Poorsina avers that Defendants Zhang and Li "improperly submitted fraudulent materials
25  information" which allowed them to "appl[y] for two separate CALIFORNIA-Single Family-Fannie
26  Mae/Freddie Mac Uniform Instrument - MERS loans and [pay] off the Wells Fargo Bank" loan
27  from April 1, 2019. *Id.* at ¶ 16.

28  Plaintiff Poorsina alleges that Defendants Zhang and Li hired an attorney to record the

"Grant Deed," which marked the transfer of ownership of the Disputed Property to Defendants Zhang and Li to Meng Li and Xiaosong Zhang, as Co-Trustees of the Li Zhang Family Trust dated October 16, 2020. *Id.* at ¶ 19.

Plaintiff Poorsina alleges that on December 15, 2023, "through [Defendants Zhang and Li's] fraudulent schemes," the same tardy advertisement used in 2019 to secure their Wells Fargo Bank loan was used again to "identif[y] the Property [was] Bought [ . . .] with Vanguard Properties for the amount of $2,273,105." *Id.* at ¶ 20.

## II.     PROCEDURAL BACKGROUND

On December 28, 2023, Plaintiff filed the instant Complaint against Defendant Bank of America, Defendant Guaranteed Rate, and Defendants Zhang and Li, as co-trustees of the Li Zhang Family Trust. [Dkt. 1]. The Complaint asserts causes of action and claims for relief based on the False Claims Act. *Id.* at ¶¶ 21–22 (citing 31 U.S.C. § 3729). Facially, Plaintiff asserts a single cause of action under the False Claims Act and seeks three forms of relief: (1) a claim for damages and injunctive relief pursuant to 31 U.S.C. § 3729 against all Defendants; (2) a claim for the cancellation of the May 19, 2020, and December 31, 2020, security instruments; and (3) a claim for quiet title for the Disputed Property. *Id.* at ¶¶ 25–33.

Contemporaneous with the filing of his Complaint, Plaintiff Poorsina filed a motion to proceed *in forma pauperis*, which the Court granted. [Dkt. 2]. Additionally, Plaintiff Poorsina prematurely sought waiver of service of process and attempted to serve the Complaint on all named Defendants. [Dkt. 7]. Subsequently, all named Defendants entered their appearance and prematurely moved to dismiss the Complaint on various grounds. *See* dkts. 12, 14, 23. Due to the procedural posture of this case, the undersigned ordered that all noticed hearings and briefing schedules on all the premature motions to dismiss be vacated. [Dkts. 19, 20, 24]. As the Court explained:

> Pursuant to 28 U.S.C. § 1915, the Court must assess whether the Plaintiff has adequately demonstrated an inability to pay the costs of the lawsuit and whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Should the Plaintiff be granted *in forma pauperis* status, and should the Court find that the Complaint satisfies the mandatory screening

3

> requirements of Section 1915, the Marshals would then be directed to effectuate service of process on all Defendants and the case may proceed to the next stage. However, the mandatory screening process as dictated by 28 U.S.C. § 1915(e)(2) remains a **prerequisite** before proceeding with any next stages of the case.

Dkt. 19 at 1–2 (emphasis in original).

Both prior to and subsequent to the Court's Orders vacating the hearing dates and briefing schedules on the motions to dismiss, Defendant Bank of America, Defendants Zhang and Li, and Plaintiff Poorsina each filed requests for judicial notice of various documents. [Dkts. 14-1, 23-2, 25, 26, 27].

All Parties have consented to magistrate judge jurisdiction. [Dkts. 6, 16, 18, 22]. Accordingly, the Court has jurisdiction over this case for all purposes. 28 U.S.C. § 636(c); *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022); *Williams v. King*, 875 F.3d 500, 500 (9th Cir. 2017).

## LEGAL STANDARD

Any complaint filed pursuant to the *in forma pauperis* provisions of Section 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A pro se plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, "[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *accord Turner v. Rimon Law*, No. 23-CV-04062-PHK, 2023 WL 6795413, at *4 (N.D. Cal. Oct. 12, 2023).

## DISCUSSION

I.   **WHETHER THE COMPLAINT IS "FRIVOLOUS"**

Under Section 1915, the legal standard for whether a complaint is "frivolous" is well-known:

a "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).  A complaint should be dismissed as "frivolous" under section 1915 if there is no jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous under section 1915 review where subject matter jurisdiction is lacking).  In *Pratt*, the Ninth Circuit distinguished between Section 1915's "frivolousness" review for lack of subject matter jurisdiction and Section 1915's review for failure to state a claim.  *Pratt*, 807 F.2d at 819.  "[F]ederal jurisdiction is not negated by the likelihood that a complaint may fail to state a cause of action, inasmuch as that is grounds for dismissal on the merits and not for lack of jurisdiction." *Id.*  "Dismissal for want of jurisdiction may occur, however, where a claim is 'wholly insubstantial and frivolous.'" *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

### A.   Lack of subject matter jurisdiction

Federal courts are courts of limited jurisdiction.  *New Frontier Inv. AG v. BitCenter*, Inc., No. 23-MC-80154-PHK, 2024 WL 459070, at *2 (N.D. Cal. Feb. 6, 2024) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "Federal courts can only adjudicate cases which the Constitution or Congress authorizes them to adjudicate, typically cases involving a 'federal question' or involving 'diversity of citizenship.'" *Id.*

As an initial matter, Plaintiff Poorsina alleges that the Court has federal subject matter jurisdiction based on a federal question pursuant to his claim arising under the False Claims Act.  Dkt. 1 at 2 (citing 31 U.S.C. § 3729(a)(1)).  The False Claims Act allows private parties to bring certain actions alleging that someone has defrauded the federal government.  18 U.S.C. §§ 286, 287; 31 U.S.C. § 3729.  The False Claims Act permits the Attorney General or a private party to maintain a civil action against "any person" who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment to an employee of the United States government." *U.S. ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 793 (9th Cir. 2017); 31 U.S.C. §§ 3729(a), 3730(a), 3730(b).  Beyond this limited provision for a *qui tam* action, the False Claims Act does not authorize the pro se prosecution of Section 3729 violations.  *Stoner v. Santa Clara County Office of*

5

*Ed.*, 502 F.3d 1116, 1127 (9th Cir. 2007) (citing 28 U.S.C. § 1654).

Here, Poorsina is a pro se Plaintiff. [Dkt. 1]. The complaint does not allege that any person knowingly presented a false or fraudulent claim for payment to an employee of the United States Government, nor does it allege that any person knowingly made or used a false record or statement material to any such false or fraudulent claims, nor does it allege conspiracy to defraud the Government. 28 U.S.C. §§ 3729(a)(1)(A)–(C). The Complaint does not assert any other statutory violation of Section 3729 to defraud the Government, such as failing to deliver money or property to the Government, using a receipt intending to defraud the Government, or knowingly buying property from a Government employee who may not sell such property. 28 U.S.C. §§ 3729(a)(1)(D)–(G). The complaint does not assert its action in the name of the Government. 28 U.S.C. 3730(b)(1).

Instead, even construing the Complaint liberally in Plaintiff's favor, at best the complaint asserts that certain real estate advertisements or listings regarding the Disputed Property are false or misleading. The Government is not a mortgagor or lender for the Dispute Property, and the Government is not alleged to be a party to any of the financial transactions, sales, or transfers of the Disputed Property. The complaint makes clear that Plaintiff Poorsina is the alleged harmed party, not the Government. Plaintiff Poorsina is disputing title to the Disputed Property in his own name, not on behalf of the Government. All the claims for relief for the alleged violations of the False Claims Act are personal to Plaintiff Poorsina, and not in favor of the Government. Accordingly, under appropriate legal standards, Plaintiff is not authorized to prosecute this action due to purported False Claim Act violations pursuant to Section 3729. *Stoner*, 502 F.3d at 1127 (citing 28 U.S.C. § 1654). As such, the Court finds that the Complaint fails to adequately plead any basis for federal subject matter jurisdiction and fails to plead any cognizable federal question. On this basis, the complaint is wholly insubstantial and frivolous. *Pratt*, 807 F.2d at 819.

As summarized above, the Complaint asserts a "False of Frudulent [sic] Claims" under the False Claims Act followed by three "Claims for Relief" denominated as "Counts". Dkt. 1 at ¶¶ 21-33. The Court is cognizant that a plaintiff should be accorded leeway in analyzing the asserted claims. *Brazil*, 66 F.3d at 199. Even construing the complaint liberally, the "Claims for Relief" or

6

1  "Counts" are not causes of action, but rather are pleadings for three different forms of relief. Indeed,
2  the Complaint incorporates each of these "Counts" in the "Prayer for Relief." [Dkt. 1 at ¶ 9]. The
3  first "Count" seeks monetary damages and "civil penalties" for alleged violations of the False
4  Claims Act (and incorporates by reference the asserted cause of action under the False Claims Act);
5  the second "Count" seeks cancellation of the disputed security instruments relating to the Disputed
6  Property; and the third "Count" seeks to quiet title on the Disputed Property. *Id.* The first and
7  second "Counts," construed in the light most favorable to Plaintiff Poorsina, are simply requests for
8  relief under the False Claims Act cause of action. As discussed above, there is no subject matter
9  jurisdiction under the False Claims Act assertions in the Complaint.

10  Construing the third "Count" for quiet title liberally as a "declaratory judgment" action
11  seeking to quiet title on the Disputed Property, there is nevertheless an insufficient basis to conclude
12  that subject matter jurisdiction exists. Quiet title claims are governed by California Code of Civil
13  Procedure § 761.020. *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1157 (N.D. Cal.
14  2013). At best, there might be some theoretical basis to assert supplemental jurisdiction over this
15  "Count" (assuming it were treated as a cause of action for quiet title under California state law).
16  However, the Complaint does not plead an explanation why the Court should exercise its discretion
17  to entertain such a state law claim. 28 U.S.C. § 1367; *Steshenko v. Gayrard*, 44 F. Supp. 3d 941,
18  958 (N.D. Cal. 2014). Further, because the Court finds there is no subject matter jurisdiction over
19  the False Claims Act cause of action, there is no federal subject matter jurisdiction over any claims
20  in this case, and thus no basis on which the Court should exercise supplemental jurisdiction. 28
21  U.S.C. § 1367(c)(3); *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).
22  Accordingly, even treating the third "Count" as a cause of action to quiet title, the Complaint fails
23  to allege a sufficient basis to invoke subject matter jurisdiction or supplemental jurisdiction over
24  any such cause of action.

25  Additionally, the Complaint does not assert subject matter jurisdiction based on diversity of
26  citizenship. [Dkt. 1 at ¶ 2 (asserting jurisdiction solely under Section 1331)]. However, because
27  the Court is granting Plaintiff Poorsina leave to amend, the Court reviews this issue briefly. "Section
28  1332(a)(2) grants district courts original jurisdiction over civil actions between 'citizens of a State

7

and citizens or subjects of a foreign state' when the amount in controversy exceeds $75,000." *New Frontier Inv. AG*, No. 23-MC-80154-PHK, 2024 WL 459070, at *3 (citations omitted). A corporation is a citizen of the state where it is incorporated and, if different, the state where it has its principal place of business. *Id.* (citing *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018); 28 U.S.C. § 1332(c)(1)).

As noted, the Complaint avers that Plaintiff Poorsina is a citizen of California and that Defendants Zhang and Li are also both citizens of California. [Dkt. 1 at ¶ 3]. By Plaintiff Poorsina's own admission, Defendants Zhang and Li are citizens of California, meaning they are not "subjects of a foreign state." *New Frontier Inv. AG*, No. 23-MC-80154-PHK, 2024 WL 459070, at *3 (citations omitted). Accordingly, Plaintiff Poorsina cannot allege subject matter jurisdiction based on diversity of citizenship with regard to any claims against Defendants Zhang and Li. *Id.* Accordingly, for this additional reason, the Court finds Plaintiff Poorsina's Complaint "frivolous" within the meaning of the screening requirements of Section 1915 as to Defendants Zhang and Li.

**B.    Lack of standing**

Generally, standing requires that a "[p]laintiff must be the 'real party in interest,' with respect to the claim sued upon." *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 864 (N.D. Cal. 2015) (citations omitted). Standing is an issue of subject matter jurisdiction. *CopyTele, Inc. v. E Ink Holdings, Inc.*, 962 F. Supp. 2d 1130, 1135 (N.D. Cal. 2013) (citing *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc)).

Here, as noted, Plaintiff Poorsina is proceeding pro se and his Complaint is not a proper *qui tam* action under the False Claims Act. *Stoner*, 502 F.3d at 1127 (citing 28 U.S.C. § 1654). As detailed above, Plaintiff Poorsina is not asserting proper claims on behalf of the Government. In a *qui tam* action, the Government is, by definition, the real party in interest. *Stoner*, 502 F.3d at 1126. As such, Plaintiff Poorsina lacks standing because he is not the real party in interest with regard to any False Claims Act action. *Id.*

Plaintiff Poorsina's pleading is defective because, although he wants to be the real party in interest by seeking personal relief with regard to the Disputed Property, the False Claims Act does not allow for a purely private cause of action to redress a personal grievance. *Id.* In other words, if

Plaintiff Poorsina were the real party in interest, then his Complaint fails because the False Claims Act does not allow such an action to proceed. On the other hand, if Plaintiff Poorsina is not the real party in interest, because somehow the Government is the real party in interest (although that is not pled anywhere in the Complaint), then he lacks standing.

Furthermore, Plaintiff Poorsina lacks standing because he does not allege that he is or was a party to any of the disputed mortgage loans. *Green v. Central Mortgage Co.*, 148 F. Supp. 3d 852, 883 (N.D. Cal. Sept. 1, 2015) (dismissing plaintiff's request to cancel instruments because she is not a party to the mortgage loan). Indeed, Plaintiff Poorsina pleads that other individuals were parties to the alleged fraudulent loans. [Dkt. 1 at 7]. Even construing the Complaint liberally, there is no basis to conclude that Plaintiff Poorsina has standing to challenge or assert a cause of action as to the disputed mortgages since he was not a party to any of the subject transactions. *Green*, 148 F. Supp. 3d at 883. As such, Plaintiff Poorsina is not the real party in interest and lacks standing to prosecute this action.

Additionally, as noted above, the Complaint inartfully alleges one cause of action for a violation of the False Claims Act followed by three "Claims for Relief" denominated as "Counts". Dkt. 1 at ¶¶ 21-33. The Court is cognizant that a plaintiff should be accorded leeway in analyzing the asserted claims. *Brazil*, 66 F.3d at 199. However, even construing the Complaint liberally, the "Claims for Relief" or "Counts" are not causes of action, but rather pleadings for three different forms of relief. Indeed, the Complaint incorporates each of these "Counts" in the "Prayer for Relief." *Id.* at 9. The first "Count" seeks monetary damages and "civil penalties" for alleged violations of the False Claims Act (and incorporates by reference the asserted cause of action under the False Claims Act); the second "Count" seeks cancellation of the disputed security instruments relating to the Disputed Property; and the third "Count" seeks to quiet title on the Disputed Property. *Id.* As discussed above, Plaintiff Poorsina's Complaint fails to adequately plead a False Claims Act action. Further, neither of the remaining "Counts" asserts or identifies what law was violated, the legal basis for liability, or any cognizable legal duty that was breached. *Id.* at ¶¶ 28–33. As such, none of these "Counts" are causes of action, but rather a request for a specific type of relief. *See, e.g., United States v. Howell*, 318 F.2d 162, 164–65 (9th Cir. 1963) (citations omitted). Here,

9

Plaintiff Poorsina lacks standing for his cause of action under the False Claims Act and, even when construed liberally, he lacks standing for his "Counts" for relief.

Accordingly, the Court finds that Plaintiff Poorsina's cause of action under the False Claims Act and his "Claims for Relief" or "Counts" are "frivolous" within the meaning of the screening requirements of Section 1915.

## II.     FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

### A.     False Claim Act Liability

The False Claim Act's pleading standard is governed by Rule 9 of the Federal Rules of Civil Procedure. *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898 (9th Cir. 2017); *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011). Under Rule 9, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the "complaint must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)). "For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011).

Here, the Complaint appears to attempt to allege a single cause of action pursuant to the False Claims Act, based on alleged fraudulent financial transactions and mortgages involving the Disputed Property. *See* Dkt. 1 at ¶¶ 16–27. As discussed in detail above, the Complaint seeks three types of relief (damages, cancellation of the security instruments, and quiet title), which are not causes of action themselves. *Howell*, 318 F.2d at 164–65. In reviewing the Complaint, the Court affords great leeway in analyzing the asserted claims. *Brazil*, 66 F.3d at 199.

While the False Claims Act provides several bases for a cause of action to defraud the Government, the Complaint cites two specific sections as the bases for relief: knowingly presenting

a false or fraudulent claim to the Government, and knowingly making or using a false record or statement material to any such false or fraudulent claim. Dkt. 1 at ¶ 21 (citing 31 U.S.C. §§ 3729(a)(1)(A)(i)–(ii). Under these specific sub-sections of Section 3729, the False Claims Act imposes liability on any person who knowingly presents a fraudulent claim for payment or approval for money (or knowingly makes or uses a false record or statement material to any such false or fraudulent claim made) to: (i) "an officer, employee, or agent of the United States;" or (ii) a "contractor, grantee, or other recipient" if the requested money will be spent on the Government's behalf or to advance a Government interest, and that the Government has provided or will reimburse any portion of the requested money. 31 U.S.C. §§ 3729(b)(2)(A)(i)–(ii). A "claim" within the meaning of the False Claims Act is a demand upon the Government for the payment of money or transfer of property. *Howell*, 318 F.2d at 164.

Here, Plaintiff Poorsina's Complaint does not meet Rule 9's pleading requirements. First, the Complaint fails to allege the existence of any "officer, employee, or agent of the United States" involved in any transactions at issue. The Complaint alleges that Defendant Bank of America and Defendant Guaranteed Rate colluded with Fannie Mae and Freddie Mac to engage in alleged fraud. [Dkt. 1 at 8]. However, Fannie Mae and Freddie Mac are not "officers, employees, or agents" of the federal government for purposes of the False Claims Act because they are private companies. *U.S. ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1259, 1260 (9th Cir. 2016) (dismissing claim for the same reasons).

Second, the Complaint fails to allege any fraudulent activity directed at the Government. As noted, the False Claims Act requires a false or fraudulent "claim" to be made on the Government for the payment of money or transfer of property. The Complaint does not identify or plead any claim made on the Government with regard to any transaction involving the Disputed Property. The Government is not a party to any of the security instruments in dispute, is not a party to any of the sales or transfers of the Disputed Property, and is not a party to any of the financial transactions or mortgages identified in the complaint. Because Fannie Mae and Freddie Mac are not considered part of the Government for purposes of the False Claims Act, any transactions involving those private entities do not and cannot qualify as a "claim" made on the Government. *Id.*

11

Further, the complaint does not allege that Defendants Zhang and Li presented any claim for money or property to any officer or employee of the United States. Even viewing the complaint in the light most favorable to Plaintiff Poorsina, there is simply no allegation or basis to conclude that either of these named individual defendants made any kind of "claim" on the Government (and similarly that either of them ever communicated with an officer or employee of the Government). At most, the Complaint conclusorily alleges that Defendants Zhang and Li "submitted fraudulent materials" to obtain a mortgage loan from Defendant Guaranteed Rate – such conduct even construed liberally does not constitute adequate pleading of a "Claim" made to an officer or employee of the Government.

Accordingly, the Complaint, when viewed in the light most favorable to Plaintiff Poorsina, does not meet the pleading standards under Rule 9 for a cause of action under the False Claims Act, and as such, does not meet the requirements under Section 1915 for an *in forma pauperis* plaintiff.

### B. Quiet Title

As discussed above, the Complaint asserts a third "Count" which, construed liberally, may be an attempt to assert a state law declaratory judgment cause of action to quiet title on the Disputed Property. Quiet title claims seek to clear title amongst adverse claims or interests to real property under California Code of Civil Procedure § 761.020. *Rockridge Tr.*, 985 F. Supp. 2d at 1157 (citing *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); Cal. Civ. P. Code § 760.020). "A quiet title action must be in a verified complaint that includes: (1) a description of the property in question; (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) that date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." *Rockridge Tr.*, 985 F. Supp. 2d at 1157 (citing *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 974–975 (N.D. Cal. 2010); Cal. Civ. P. Code § 761.020)).

Courts evaluate the adequacy of pleading of quiet title claims under Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1158 (utilizing the Rule 8 pleading requirement standard). Under Rule 8's familiar standard, a complaint must include "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). In applying Rule 8(a)'s pleading standard, the Court determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 8, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Under the equally familiar Rule 12(b)(6) standard, a court evaluates whether a claim satisfies the minimum pleading standard for that claim. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) ("A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'").

Here, again, liberally construing Plaintiff Poorsina's third "Count" as attempting to allege a California state law claim to quiet title, Plaintiff Poorsina seeks a declaration to quiet title on the Disputed Property with regard to the Grant Deed dated April 22, 2021. [Dkt. 1 at 9]. However, other than stating that Plaintiff Poorsina seeks this relief to quiet title, the Complaint contains no pleadings or allegations to detail how or why title is even arguably in dispute, such that quieting title is appropriate.

First, the Complaint alleges, even when viewed in a light most favorable to Plaintiff, that Plaintiff Poorsina divested any ownership interest in the Disputed Property on September 2, 2017, through the sale of the Disputed Property to a third-party purchaser at a public auction. *Id.* at 3. The Complaint admits that the auction took place, that third party Mellon Bank conducted the auction, and that a third party purchaser was "conveyed 100% interest of the [Disputed] Property." *Id.* at ¶ 10.

Second, the Complaint does not adequately plead the existence of a current adverse interest

in the Disputed Property. The Complaint asserts that the Disputed Property is currently held in a deed of trust. [Dkt. 1 at ¶ 19]. Under California law, a deed of trust does not constitute an adverse interest for the purpose of asserting a quiet title cause of action (which must be asserted in a verified complaint under California law), because a deed of trust does not carry sufficient incidents of ownership of property other than the right to convey upon default. *Zolezzi v. Michelis*, 86 Cal. App. 2d 827, 830 (1948) (citations omitted); *accord Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177 (E.D. Cal. 2010).

Accordingly, the Court finds that the Complaint fails to state a claim for both a False Claims Act cause of action and for a quiet title cause of action under applicable legal standards. Because the Complaint fails to state a claim, the Complaint does not satisfy the screening requirements under Section 1915. The Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff Poorsina's Complaint and finds that he cannot proceed *in forma pauperis* under the Complaint, pursuant to the mandatory screening requirements of Section 1915(e)(2)(B)(i)–(iii). The Court **GRANTS** Plaintiff Poorsina thirty (30) days from the date of this Order to file an amended complaint.

### III. PREMATURE MOTIONS AND REQUESTS FOR JUDICIAL NOTICE

As noted, all Defendants prematurely moved to dismiss the Complaint. Further, several Defendants and Plaintiff filed various requests for judicial notice of certain documents. All of these filings are premature for the reasons discussed above and in the Orders vacating the hearings and briefing schedules on the motions to dismiss.

Because of the procedural posture of this case, the Court **DENIES WITHOUT PREJUDICE** all named Defendants' motions to dismiss, dkts. 12, 14, 23, and all requests for judicial notice, dkts. 14-1, 23-2, 25, 26, 27, as premature. The mandatory screening process under 28 U.S.C. § 1915(e)(2) remains a prerequisite before proceeding with any next stages of the case. Should Plaintiff Poorsina choose to file an amended complaint and should the Court screen that amended complaint and allow Plaintiff Poorsina to proceed with this litigation thereafter, the Court shall at that point direct the U.S. Marshalls to effectuate service of any such amended Complaint on behalf of Plaintiff Poorsina. After all Defendants have been served, they may, if they so choose, file motions to dismiss any such amended complaint.

## IV. ADVISEMENT OF PRO SE RESOURCES

Plaintiff Poorsina is **ADVISED** that there are several resources for pro se litigants. The Court makes available a guide for pro se litigants called "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for pro se litigants: https://www.cand.uscourts.gov/pro-se-litigants/.

## CONCLUSION

Accordingly, for the reasons stated herein, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff Poorsina's Complaint pursuant to the mandatory screening requirements of Section 1915(e)(2)(B)(i)–(iii). The Court **GRANTS** Plaintiff Poorsina leave to file an amended Complaint on or before **thirty (30) days** from the date of this Order. If Plaintiff Poorsina does not file an amended Complaint within the deadline, the Court advises Plaintiff Poorsina of the risk of dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated: June 14, 2024

PETER H. KANG
United States Magistrate Judge