ALI R. POORSINA
1036 Mission Street, Unit 907
San Francisco, CA 94103
Tel: (415) 656-7384
E-Mail: poorsinajan@gmail.com

*Plaintiff Appearing Pro Se*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI R. POORSINA<br>　　　　Plaintiff ,<br><br>　　vs.<br><br>BANK OF AMERICA, N.A.; GUARANTEED RATE, INC.; and XIAOSONG ZHANG and MENG LI, as Co-Trustees of the LI ZHANG FAMILY TRUST dated October 16, 2020<br>　　　　Defendants. | Case No. 3:23-cv-06644-PHK<br><br>**FIRST AMENDED COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br><br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

　　Plaintiff, Ali R. Poorsina ("Plaintiff" or "Poorsina"), files this First Amended Complaint ("FAC"), alleges as follows:

### PRELIMINARY STATEMENTS

　　1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*, and Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*), resulting from the illegal actions of Defendant Bank of America, N.A., ("Bank of America"), Defendant Guaranteed Rate, Inc., ("Guaranteed Rate") intentionally approving Defendants Xiaosong Zhang, and Meng Li, Co-Trustees of the Li Zhang Family Trust ("Zhang and Li"), for submission of fraudulent bogus online applications for two separate CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loans as community property with right of survivorship. Plaintiff alleges as follows upon personal knowledge as to himself and

his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by pro se Plaintiff Ali. R. Poorsina.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over breach of contract, fraud, tort and injunctive relief action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy exclusive of interest or costs in which exceeds the sum of value of $75,000 in which Plaintiff Poorsina is citizen of San Francisco State of California, Defendants Zhang and Li are citizens of San Francisco County, California and Defendants Bank of America is Delaware corporation, headquartered in North Carolina, and Guaranteed Rate, Inc., is Delaware corporation, headquartered in Illinois, both are citizens from different states.

3. This court has personal jurisdiction over Defendants, because Defendants Bank of America and Guaranteed Rate do business within the State of California and County of San Francisco.

4. Venue is proper in this Court because Defendants Bank of America and Guaranteed Rate do business *inter alia* in the county of San Francisco and a significant portion of the conducts giving rise to Plaintiff's Claims happened here.

## PARTIES

5. **Plaintiff-** is an individual and citizen of California, who was at all relevant times residing in San Francisco, California.

6. Poorsina was, at all relevant times alleged herein, was the owner of the real property commonly described as 1563 28th Avenue, San Francisco, California. ("Disputed Property")

7. **Defendants Zhang and Li-** are individuals and citizens of California, who are at all relevant times residing at 1563 28th Avenue, San Francisco, CA 94122. ("Disputed Property")

8. **Defendant Bank of America, N.A.**- is a national banking association organized and existing under the laws of the USA charter number 13044. Bank of America, N.A. is a Delaware corporation with it headquarter registered address at 100 North Tryon Street, Charlotte, North Carolina 28202. Bank of America, N.A. has substantial business operations and offices in County of San Francisco, California.

9. **Defendant Guaranteed Rate, Inc., -**is a Delaware corporation with it headquarter

FRIST AMENDED COMPLAINT

registered address at 4410 N. Ravenswood Avenue, Chicago, Illinois 60640. Is an Equal Housing Lender and Illinois Residential Mortgage Licensee.

10. Guaranteed Rate, Inc., is Delaware corporation NMLS #2611 is licensed by the Delaware State Bank Commissioner to engage in business providing mortgage services in State of Illinois. Delaware License #9436.

## BACKGROUND FACTS

11. Poorsina is the previous owner of the Property in May 4, 2005 financed $890,000.00 loan through the Pacific Community Mortgage, Inc., - on May 12, 2005, the Chicago Title Company in San Francisco, California acted as "Trustee" and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Pacific Community Mortgage, Inc. "Lender" successors on May 12, 2005 the Chicago Title Company Trustee split the original loan into two separate loans *First* loan in amount of $623,000.00 conventional uninsured loan through Countrywide Corporation, Escrow No. 744789. *Second* loan in amount of $267,000.00 conventional uninsured through JP Morgan. The Countrywide Corporation mortgage was servicer, "memorialized the 1st loan into a Promissory Note" and "secured it by the Deed of Trust ('DOT')" recorded as Instrument No. "2005-H952249-00." *Id*. As the record show Poorsina was making his regular Periodic Payments to Countrywide Home Loans Servicing LP, until September 2009 when Countrywide fell apart and the Bank of America, N.A., successor by Merger to BAC Home Loans Servicing, LP became the "Trustee" for the Instrument No. 2005-H952249-00 recorded on 05/12/2005.

12. During April 13, 2011, Mortgage Electronic Registration Systems, Inc. (MERS) made a Corporation Assignment of Deed of Trust/Mortgage to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP. It is recorded in the San Francisco County Assessor Recorder's Office as Instrument DOC-2011-J162030-00. On September 10, 2012, Bank of America, N.A., assigned the DOT to the Bank of New York Mellon ("Mellon") which thereafter was servicing the loan. Subsequently, on February 14, 2014, Mellon assigned Shellpoint Mortgage Servicing, debt-collectors by means of servicing the DOT.

13. On June 13, 2015, Poorsina entered into a HAMP modification agreement with

Shellpoint Mortgage Servicing. Since then Poorsina was making his regular monthly payments on time payable to Shellpoint Mortgage Servicing until September 14, 2016, without any notice Shellpoint Mortgage Servicing increased Poorsina' monthly payments by 38% which broke the agreement signed and notarized on June 15, 2015.

14. Poorsina disputed the 38% increased by Shellpoint Mortgage Servicing. Subsequently, on January 23, 2017, Shellpoint Mortgage Servicing assigned the DOT to Peak Foreclosure Services, Inc., a California Corporation debt-collectors. According to recorded documents on May 4, 2017, Peak Foreclosure Services, recorded a "Substitution of Trustee" and "Notice of Default and Election to Sell Under Deed of Trust" and was followed by recording "Notice of Trustee's Sale" recorded on August 08, 2017.

15. On September 7, 2017, debt-collectors Peak Foreclosure Services, Inc., on behalf of Bank of New York Mellon ("Mellon") held a non-judicial foreclosure trustee's sale right front of the entrance door of the San Francisco County City Hall, 400 Van Ness Avenue. Among all six bidders participated in bidding on the real property known as 1563 28th Avenue, San Francisco, CA 94122 (the "Property") there was a bono fide investor named Tan Tseng, sole owner of the Steppingstone Assets Group, LLC during the bidding process was the highest bid paid $1,235,200.00 and conveyed 100% of the Property without warranty, express or implied. It is recorded in San Francisco County Assessor Recorder's Office as Instrument No. 2017-K514337-00, on 09/15/2017.

16. Following the foreclosure the bono fide investor Tan Tseng, sole owner of the Steppingstone Assets Group, LLC without proper permits destroyed the Day-Care Facility built on the ground floor of the Property in 2005 with "Special Restriction", Tan Tseng as authorized agent/owner converted the Property into 2 story dwelling unit which still is recorded as one-story over garage single-family dwelling unit under the RH-1 zoning.

17. For purpose of receiving a CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loan in April 2018, Tan Tseng as authorized agent/owner entered into an conspiracy agreement with other conspirators named Samuel Wang and Qingwen Xi, whom used two pieces of their Revocable Trustees secretly entered into agreement with the

Wells Fargo Bank, N.A., wholesale channel division in Minneapolis, Minnesota secured a wholesale residential subprime Balloon Rider loan for the conspirators Xiaosong Zhang and Meng Li, wife and husband.

18. On March 22, 2019, the Tan Tseng as authorized agent/owner of the Property transferred the Grant Deed GIFTED to conspirators Xiaosong Zhang and Meng Li, wife and husband as community property with right of survivorship, were EXEMPT from fees per GC 27388.1. It is recorded in the San Francisco County Assessor Recorder's Office as Instrument No. 2019-K749371-00 recorded on April 01, 2019.

19. In meanwhile, because conspirators Xiaosong Zhang and Meng Li were not qualified for such a CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loan Tan Tseng as authorized agent/owner, made a tardy advertisement of a real estate listing that indicated the Property was sold to conspirators Xiaosong Zhang and Meng Li, wife and husband for amount of $ 2,050,000.00 *Id*.

20. On March 28, 2019, at the Fidelity National Title Company in San Francisco, California acted as "Trustee" both conspirators Xiaosong Zhang and Meng Li, wife and husband signed and notarized the Deed of Trust for a wholesale residential subprime Balloon Riders loan with the Wells Fargo Bank, N.A. Upon signing the released of the Grant Deed conspirators Xiaosong Zhang and Meng Li, acted as Trustor for the Revocable Trustee located at 1499 32nd Avenue, San Francisco, CA 94122, secured the loan for the Property known as 1563 28th Avenue, San Francisco, CA 94122, was misrepresented to the Wells Fargo Bank, N.A. used the Revocable Trustee located at 1499 32nd Avenue, San Francisco, CA 94122 instead of the actual Property known as 1563 28th Avenue, San Francisco, CA 94122.

21. On April 01, 2019, the Wells Fargo Bank, N.A., approved the conspirators Xiaosong Zhang and Meng Li's wholesale residential subprime Balloon Rider loan for amount of one million six hundred forty thousand and 00/00 dollars (U.S. $1,640,000.00), as community property with right of survivorship, conspirators Xiaosong Zhang and Meng Li, promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than May 1, 2049. It is recorded in the San Francisco County Assessor Recorder's Office as Instrument No. 2019-

FRIST AMENDED COMPLAINT

K749372-00, recorded on 05/01/2019. For this residential Balloon Rider loan the Fidelity National Title Ins Co., acted as "Trustee" when recorded the Fidelity National Title Ins Co. mailed all the documents to the Wells Fargo Bank, N.A, Wells Fargo Document Management MAC X9999-016, 2701, Wells Fargo Way, Minneapolis, MN 55467.

22. In December 15, 2020, Ali R. Poorsina filed complaint in Northern District of San Francisco California. Case No. 3:20-cv-09122 against Tan Tseng authorized agent/owner of the Property challenging the unlawful bid rigging under the Sherman Act 15 U.S.C. § 1. The case was dismissed because Ali R. Poorsina was proceeding *pro se* not fully aware of the federal rules and local procedure. In the timely manner Poorsina proceeding *pro se* on March 20, 2023, filed an appeal at the Ninth Circuit Court that still is pending as to this date. Docket No. 23-15430.

## ALLEGATIONS COMMON TO ALL CAUSE OF ACTION

23. While the antitrust case is pending Defendants Zhang and Li ignored the Wells Fargo Bank's mortgage lien in between May 13, 2020 and December 24, 2020, illegally submitted two fraudulent bogus applications for CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loans with Defendant Bank of America, N.A. a Delaware corporation, headquartered in North Carolian and Guaranteed Rate, Inc., a Delaware corporation, headquartered in Illinois. *Id*.

24. On May 13, 2020, Bank of America, approved Defendants Zhang and Li, a residential subprime Balloon Rider loan for sum amount of one million three hundred twenty-one thousand six hundred and 00/100 dollars (U.S. $1,321,600.00), as community property with right of survivorship, and Defendants Zhang and Li, have promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than June 1, 2035. It is recorded in the San Francisco Assessor Recorder's Office as Instrument No. 2020-K931973-00, recorded on May 19, 2020.

25. The First America Title Insurance Company acted as "Trustee" when recorded mailed all documents to the Bank of America, N.A., 4500 Amon Carter Blvd., Doc Proc TX2-979-01-19, Ft. Worth, TX 76155. For the Escrow/Closing #: FSFM-0312000165.

26. On December 24, 2020, Guaranteed Rate, Inc., also approved Defendants Zhang and Li, a CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loan for

amount of one million three hundred six thousand and 00/100 dollars (U.S. $1,306,000.00), as community property with right of survivorship, and Defendants Zhang and Li, have promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than January 1, 2036. It is recorded in the City and County of San Francisco Carmen Chu, Assessor-Recorder as Instrument No. 2020079540, recorded on December 31, 2020.

27. The BNT Title Company of California, acted as "Trustee" located at 30 Executive Park Suite 150, Irvine, California 92614. When recorded mailed all documents to Guaranteed Rate, Inc., at 4410 N. Ravenswood Avenue, Chicago, Illinois 60640 for the Loan Number: 203295506.

28. For these two loans Defendants Zhang and Li received the sum of $2,627,600. After paying off the Wells-Fargo Bank's $1,640,000.00 loan. Defendants Zhang and Li gained $987,600 ill-gotten money that is not reported to the government.

## OVERVIEW OF THE SCHEMES OF DEFENDANTS XIAOSONG ZHANG AND MENG LI

29. Defendants Zhang and Li, as borrowers have longstanding unlawful conducts regarding online submission applying for CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loans under "community property with right of survivorship" or "Joint Tenants" from different financial institutions that are located outside of State of California.

30. In April 01, 2019, Defendants Zhang and Li submitted fraudulent online application to the Wells Fargo Bank, N.A. received the amount of $1,640,000.00 as community property with right of survivorship. It is recorded in the San Francisco Assessor-Recorder Carmen Chu, as Doc. #: 2019-K7449372-00 recorded on April 01, 2019.

31. While there was an existing mortgage lien on the Property known as 1563 28th Avenue, San Francisco, California. APN/Parcel ID(s) Lot 016, Block 1874 from the Wells Fargo Bank, N.A. Defendants Zhang and Li ignored the mortgage lien on the Property, have applied for two different separate loans.

32. On May 13, 2020, Defendants Zhang and Li have submitted a bogus online application applied for a CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loan through Bank of America, N.A., the underwriter misrepresented the information to the GSEs received a certification approval as quality investment loan, then Bank of America, N.A., approved Defendants Zhang and Li for sum amount of $1,321,600.00 as community

property with right of survivorship. It is recorded in the San Francisco Assessor-Recorder Carmen Chu, as Doc. #: 2020-K931973-00, recorded on May 19, 2020.

33. On June 09, 2020, Defendants Zhang Li, have requested the Nationwide Title Clearing, Inc. located in 2100 Alt. 19 North, Palm Harbor, FL 34683 recorded a Substitution of Trustee VESTED the Wells Fargo Bank, N.A., paid off the $1,640,000.00 MERS mortgage loan. It is recorded in the San Francisco Assessor-Recorder Carmen Chu, as Doc. #: 2020-K938943-00, recorded on June 09, 2020.

34. On December 24, 2020, Defendants Zhang and Li have submitted a bogus online application applied for a CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loan through Guaranteed Rate, Inc., the underwriter misrepresented information to the GSEs received a certification approval under quality investment loan then Guaranteed Rate, Inc., approved Defendants Zhang and Li for amount of $1,306,000.00 as community property with right of survivorship. It is recorded in the San Francisco Assessor-Recorder Carmen Chu, as Doc. #: 2020079540, recorded on December 31, 2020.

35. Bank of America & Guaranteed Rate have engaged in both misrepresentations to the GSEs certifications approvals and fraudulently provided two separate CALIFORNIA-Single Family-Fannie Mae/Freddie Mac loans to Defendants Zhang and Li as community property with right of survivorship without checking Defendants Zhang and Li's background of employments and income verifications.

36. When Defendant Zhang and Li submitted bogus fraudulent information without licensed appraisals Defendant Zhang and Li just overvalued the price of the Property by 31% and the underwriters fraudulently received two separate certifications approvals through the GSEs stating that Defendant Zhang and Li's loans are for quality investments loans.

37. The underwriters of Bank of America & Guaranteed Rate intentionally misrepresented reporting that Defendants Zang and Li were qualified for such subprime Balloon Rider loans. The underwriters' conducts are unlawful and negligence per se in violation of California's Unfair Competition Law (UCL), these unfair and fraudulent in mortgage lending that resulted in the disparate impact on all financial institutions unbroken practices of engaging in facially neutral business policies and practices that created an "artificial, arbitrary, and unnecessary.

FRIST AMENDED COMPLAINT

38. On December 28, 2023, Plaintiff Poorsina filed his Complaint seeks the Court's approval for: (1) Cancellation of the Doc. # 2020-K931973-00 approved by the Bank of America, N.A., recorded on May 19, 2020 MERS mortgage lien. (2) Cancelation of the Doc. #: 20200079540 approved by Guaranteed Rate, Inc., recorded on December 31, 2020 MERS mortgage lien, and (3) Quiet Title on the Property known as 1563 28th Avenue, San Francisco, California. APN/Parcel ID(s): Lot 016, Block 1874, that Defendants Zhang and Li, fraudulently obtained the title to the Property.

39. Since Mortgage Electronic Registration Systems Inc. (MERS) has begun to appear on mortgages received by Defendants Zhang and Li. Poorsina' investigation reveals that on January 1, 2021, the First American Title Insurance Company acted as Trustee, under the May 19, 2020, Doc.# 2020-K931973-00 for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, as nominee for Bank of America, N.A., WHEREAS, having received from the holder of said Deed of Trust the Defendants Zhang and Li have paid the Bank of America, N.A., loan in full. It is recorded in City and County of San Francisco Carmen Chu, Assessor-Recorder as the San Francisco Assessor-Recorder Carmen Chu, as Doc. #: 2021003565, recorded on January 11, 2021.

40. In meanwhile, Poorsina still is investigating what happened to the December 24, 2020, Guaranteed Rate, Inc., approval of a CALIFORNIA-Single Family-Fannie Mae/Freddie Mac Uniform Instrument – MERS loan to Defendants Zhang and Li that is recorded as Doc. #: 2020079540, on December 31, 2020. It has disappeared through Defendants Zhang and Li's scam. There are no documents found recorded because of the scheme coverup transaction.

41. Interesting enough in order to cover up the fraudulent transactions. Defendants Zhang and Li, retained an attorney the Law Offices of Connie Yi PC, on April 22, 2021, recorded the Grant Deed stating that for a valuable consideration, receipt of which is hereby acknowledged, XIAOSONG ZHANG and MENG LI, wife and husband, as community property with right of survivorship hereby GRANT(s) the Property located at 1563 28th Avenue, San Francisco, CA 94122, APN: Lot: 016, Block: 1874 to MENG LI and XIAOSONG ZHANG, as Co-Trustees of the LI ZHANG FAMILY TRUST dated October 16, 2020. It is recorded in City and County of San Francisco Joaquin Torres, Assessor Recorder as Doc. #: 2021069303 on 04/22/2021.

FRIST AMENDED COMPLAINT

42. The legal description of the real property in the City and County of San Francisco, State of California, is as follows:

43. Beginning at a point of the westerly line of 28th Avenue distant thereon 200 feet northerly from the northerly line of Lawton Street, running hence northerly along said line of 28th Avenue 25 feet; thence at a right angle westerly 120 feet, thence at a right angle southerly 25 feet and thence at a right angle easterly 120 feet to the point of beginning.
Being a portion of outside Land Block No. 796.

44. For this action Poorsina rises these questions weather Defendants Bank of America & Guaranteed Rate have complied to the GSEs' guideline requirements:

   a. Did Defendants Bank of America & Guaranteed Rate comply with all applicable GSEs regulations in processing applications for certifications approval in California State Law?

   b. Did Defendants Bank of America & Guaranteed Rate comply with their legal obligations under the terms of Unfair Business Act?

   c. Did Defendants Bank of America & Guaranteed Rate have a policy and/or practice of prioritizing large Residential Subprime Balloon Rider loans to individuals to the detriment of the putative action?

   d. Did Defendants Bank of America & Guaranteed Rate process applications in the order received, or did large Residential Subprime Balloon Rider loans got out of the line?

   e. Did Defendants Bank of America & Guaranteed Rate's conducts constitute an "unfair business practice" under California Business & Professions Code § 17200, *et seq.*?

   f. Did Defendants Bank of America & Guaranteed Rate's constitute an "unlawful business practice" under California Business & Professions Code § 17200, *et seq.*?

   g. Did Defendants Bank of America & Guaranteed Rate's constitute an "fraudulent business practice" under California Business & Professions Code § 17200, *et seq.*?

   h. Did Defendants Bank of America & Guaranteed Rate's conduct constitute false advertising under California Business & Professions Code § 17500, *et seq.*?

### FIRST CAUSE OF ACTION
### Violations of the California False Advertising Act
### (Cal. Bus. & Pro. Code §§ 17500, *et seq.*

45. Plaintiff incorporates by reference each allegation set forth above in Paragraphs 1 through 44 as if fully articulated herein.

FRIST AMENDED COMPLAINT

46. Pursuant to California and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…or… to so make or disseminate or cause to be made or disseminated any such statement as part of a plan or scheme with the intent of providing such Defendants Zhang and Li's submissions of fraudulent on line applications to both Bank of America and Guaranteed Rate and then the employees underwriters submitted fraudulent information to government-sponsored enterprise or GSEs for approvals of two certification without meeting the GSEs requirements.

47. Defendant Bank of America and Guaranteed Rate misled the GSEs by making misrepresentations about the Defendants Zhang Li's submitted online bogus applications. These types of residential subprime Balloon Rider loans were fraudulently sold to the GSEs by making false representations sold two CALIFORNIA-Single Family-Fannie Mae/Freddie Mac loans to the GSEs, were unlawful business practices of receiving such certifications approvals.

48. Defendants Bank of America and Guaranteed Rate knew that Defendants Zhang and Li's applications were not qualified but the Defendants Bank of America and Guaranteed Rate employee underwriters made representations and omissions were untrue and misleading, and deliberately made by the aforementioned representations and omissions in order to deceive the GSEs certifications were deceptive and unconscionable advertised.

49. The misleading and false advertising described herein presents a continuing threat to public to engage in such business practices, and will not cease doing so unless and until forced to do so by this Court. Defendants' conducts will continue to cause irreparable economics injury to public unless enjoined or restrained. For Defendants' fraudulent conducts Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease their false advertising, as well as disgorgement and restitution to Plaintiff with their false advertising, or such portion of revenues of their ill-gotten money received as the Court may find equitable.

**SECOND CAUSE OF ACTION**
**Violations of Unfair Business Practices Act**
**(Cal. Bus. & Pro. Code §§ 17200, *et seq.*)**

50. Plaintiff incorporates by reference each allegation set forth above in Paragraphs 1 through 44 as if fully articulated herein.

FRIST AMENDED COMPLAINT

51. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a Defendants' business practices and the alleged economic harms—that is, evidence that the Defendants' conduct caused or were likely to cause substantial injury. It is insufficient for a Plaintiff to show merely that the Defendants' conducts created risk of harming the public and Plaintiff. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

52. Defendants Bank of America, Guaranteed Rate, and Zhang and Li violated the UCL by engaging in unlawful, unfair, and/or motives of Defendants had, in this case the desire to profit receiving government-sponsored enterprise loans, have engaged in such deceptive acts and practices, including but not limited to: (a) knowingly and intentionally misrepresentations for to GSEs for certifications approval.

53. Business and Professions Code section 17200 *et seq*. (the Unfair Competition Law or UCL), prohibits any unlawful, unfair or fraudulent business act or practice, any unfair, deceptive, untrue or misleading advertising, and any violation of Business and Professions Code section 17500 *et seq*. Because Defendants Bank of America & Guaranteed Rate have violated the UCL by engaging in unlawful, unfair, and fraudulent business act or practice.

### UNFAIR

54. California Business & Professions Code § 17200 prohibits any "unfair…business act or practice." Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that the Defendants' conducts are substantially injurious to the public, and are immoral, unethical, oppressive, and unscrupulous as the gravity of their conducts outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct which constitutes other unfair business acts or practices. Such conducts are still ongoing and continues to this date.

FRIST AMENDED COMPLAINT

55. Moreover, Defendants' conducts as alleged herein solely benefits Defendants Bank of America and Guaranteed Rate of providing these residential subprime Balloon Rider loans that it could reasonably have avoided.

56. Defendants Bank of America and Guaranteed Rate are unfair by falsely misrepresented the qualification of Defendants Zhang and Li's fraudulent bogus submitted online applications. Bank of America and Guaranteed Rate employee underwriters failed to take reasonable steps to inform the GSEs that Defendants Zhang and Li were not qualified for such certifications approvals. The employee underwriters intentionally misrepresented to the GSEs that Defendants Zhang and Li submitted applications were for investments loans in which these misrepresentations could be reasonably have avoided.

57. Business and Professions Code section 17200 *et seq*. (the Unfair Competition Law or UCL), prohibits any unlawful, unfair or fraudulent business act or practice, any unfair, deceptive, untrue or misleading advertising, and any violation of Business and Professions Code section 17500 *et seq*.

58. Accordingly, Plaintiff is entitled to equitable relief in the form of restitution and injunctions and any other equitable relief permissible under California Business and Professions Code Section 17203.

**FRAUDULENT**

59. California Business & Professions Code § 17200 prohibits any "fraudulent … business act or practice." In order to prevail under the "fraudulent" prong of the UCL, Plaintiff must allege that the fraudulent business practices were likely to deceive Plaintiff or the public.

60. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether Plaintiff or the public are likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

61. Here, such deception is evidenced by the fact that Defendants Zhang and Li agreed submitted two online fraudulent application to Defendants Bank of America and Guaranteed Rate without appraisals they just overvalued the price of the Property by 31% and Defendants Bank of America and Guaranteed Rate agreed to accept the fraudulent online application and then the underwriters fraudulently misrepresented the bogus applications to the GSEs' approvals

FRIST AMENDED COMPLAINT

for two separate certifications as investment loans. These fraudulent agreements between Bank of America and Guaranteed Rate with Defendants Zhang and Li agreements are fraudulent business practices have deceived the GSEs did not follow the GSEs' requirements.

62. All Defendants' acts as alleged above are willful, wanton, malicious, and oppressive and were undertaken with the intent to defraud GSEs.

## UNLAWFUL

63. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

64. As explained above, Defendants have deceived the GSEs not following the GSEs' guidelines requirements, when in fact these loans received were fraudulent and unconscionable.

65. Defendants Zhang and Li used Defendants Bank of America and Guaranteed Rate's advertising marketing have submitted two sperate unlawful bogus applications to Defendants Bank of America and Guaranteed Rate and the then the underwriters employees of Bank of America and Guaranteed Rate misrepresented the Defendants Zhang and Li's applications have induced the GSEs have received two separate certifications approvals as investment loans, are in violations of California Business and Professions Code Section 17500, et seq.

66. Defendants Bank of America and Guaranteed Rate concealed and suppressed material facts, of approving Defendants Zhang and Li two separate CALIFORNIA-Single Family-Fannie Mae/Freddi Mac Unifor Instrument – MERS loans as community property with right of survivorship were unlawful and unnecessary.

67. Defendants Bank of America & Guaranteed Rate omitted and concealed materials facts, as discussed above, with knowledge of the effect of concealing of these material facts. Defendants Bank of America & Guaranteed Rate knew that by misleading the GSEs of approving two certifications for Defendants Zhang and Li approval would generate profits for both Bank of America & Guaranteed Rate.

68. All Defendants acted with malice, oppression, or fraud.

## MISCELLANEOUS

69. Plaintiff alleges that Poorsina proceeding *pro se* has fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are executed.

FRIST AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

70. Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

71. Plaintiff, requests the following relief:

(a) An order certifying Plaintiff

(b) An order requiring Defendants, at their own costs, to notify of the unlawful and deceptive conducts herein;

(c) An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

(d) Actual damages suffered by Plaintiff as applicable or full restitution of all fund gained from government-sponsored Fannie Mae/Freddie Mac loans received during the relevant May through December;

(e) Punitive damages, as allowable, in an amount determined by the Court or jury;

(f) Any and all statutory enhanced damages;

(g) All reasonable and necessary attorney's feed and costs provided by statute, common law or the Court's inherent power;

(h) Pre- and post-judgment interest; and

(i) All other relief, general or special, legal and equitable, to which Plaintiff may be justly entitled as deemed by the Court.

Dated: July 17, 2024                           Respectfully submitted,

                                               */s/ Ali R. Poorsina*
                                               Ali R. Poorsina
                                               *Pro Se Litigant for Plaintiff*

FRIST AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, the foregoing **FRIST AMENDED COMPLAINT** was filed electronically in the Court's Electronic Case Filling system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to all registered e-mail addresses of parties of record in the case.

I further certify that on July 17, 2024, I caused to be served the foregoing documents by FedEx Two Day Mail Delivery to all Defendants Below.

MCGUIREWOOD LLP
Adam F. Summerfield
Well Fargo Center, South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071-3103
Telephone: (213) 627-2268
asummerfield@mcguirewoods.com
Attorney for Defendant Bank of America, N.A.

GUARANTEED RATE, INC.
Simon M. Feng; simon.feng@rate.com
3940 North Ravenswood Avenue
Chicago, Illinois 60613
Telephone: (773) 516-6529
Attorney for Defendant Guaranteed Rate, Inc.

GINA ARICO-SMITH
DOUGLAS K. POULIN
Fidelity National Law Group
The Law Division of Fidelity National Financial
2999 Oak Road, Suite 550
Walnut Creek, CA 94597
Telephone: (925) 817-3715
Facsimile: (925) 930-9588
Email:     gina.arico-smith@fnf.com
Attorney for Defendants,
Xiaosong Zhang and Meng Li, as co-trustee of the
LI ZHANG FAMILY TRUST dated October 20, 2020

Dated: July 17, 2024                    ALI R. POORSINA

                                       */s/ Ali R. Poorsina*
                                       Ali R. Poorsina

FRIST AMENDED COMPLAINT